IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JESSE CARTER**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-48-SLR |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, and **CARL C. DANBERG**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In October 2003, the petitioner, Jesse Carter, was arrested and subsequently indicted on four counts of first degree robbery, four weapons offenses, and three counts of wearing a disguise during the commission of a felony. *See Carter v. State*, 2005 WL 3131583, *1 (Del. Nov. 22, 2005). In March 2004, Carter pled guilty to three counts of first degree robbery and a weapons offense. *Id.* Carter was sentenced the following month to a total of 22 years imprisonment, suspended after 21 years imprisonment for 1 year of probation. *Id*.

In June 2004, Carter moved to modify his sentence. *See* Del. Super. Ct. Crim. Dkt. Item 9 in case no. 0310020476. Later that month, Carter moved for postconviction relief under Superior Court Criminal Rule 61. Superior Court denied Carter's motion for modification of sentence in July 2004. In April 2005, after consideration of defense counsel's response and the prosecution's answer, Superior Court denied Carter's postconviction motion. *See Carter*, 2005

WL 3131583 at *1. Carter appealed, and the Delaware Supreme Court affirmed the decision of the Superior Court on November 22, 2005. *Id*.

### Facts

On October 9, 2003, shortly after 3:00 a.m., a black man wearing a gray hooded sweatshirt and carrying a rifle in his left hand entered a WaWa convenience store in Bear, Delaware. The man's sweatshirt was pulled tightly around his face. He approached the counter and demanded money. The store clerk gave the man approximately $350, and the robber fled on foot. *State's Motion to Affirm* in *Carter v. State*, Del. Supr. Ct. No. 163, 2005, at B1.

The second robbery occurred two weeks later at 4:00 a.m. at another WaWa store in Bear. This time, the robber wore a dark blue hooded sweatshirt wrapped tightly around his face and carried a rifle in his left hand. The robber demanded money from the store clerk. The clerk had trouble opening the cash register, and the manager of the store came to assist. The robber pointed the rifle at the manager and ordered him to back away. The clerk was eventually able to open the drawer and the robber fled with approximately $100. *Id*. at B1-2.

Later that same day, about 7:00 p.m., a man wearing a dark hooded sweatshirt pulled tightly around his face approached a pizza delivery driver in the parking lot outside the Domino's Pizza in Bear. The man was carrying a rifle under his left arm when he demanded money from the 19 year-old woman driver. She gave the robber approximately $26 before he fled on foot. *Id*. at B2.

Police on routine patrol observed a man fitting the description of the robber standing behind the WaWa store that had been robbed on October 9th. The man, who was subsequently identified as the petitioner, Jesse Carter, was wearing a sweatshirt that matched the sweatshirt

worn by the robber on the video surveillance tape from the second robbery. Carter gave police a detailed confession to all three robberies in a post-*Miranda* statement. *Id*.

## Discussion

In his petition for federal habeas relief, Carter raises three grounds for relief: (1) his counsel provided ineffective assistance by falsely promising Carter that he would receive no more than a twelve-year prison sentence (D.I. 1 at 5); (2) his due process rights were violated because he was not properly informed what the maximum penalty was (D.I. 1 at 5); and (3) his counsel forced him to plead guilty by telling Carter that if he did not accept the plea offer, he would receive over 100 years in prison (D.I. 1 at 6).

*Claims 1 & 3 – Ineffective assistance of counsel*

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). Carter presented his claims of ineffective assistance of counsel to the Delaware Supreme Court on appeal from the denial of his state postconviction motion, thus exhausting these claims. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Carter's claims, however, do not provide a basis for relief.

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--

>    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). "A state court decision is contrary to Supreme Court precedent under § 2254(d)(1) where the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005) (citations and internal quotations omitted). A state court decision is an unreasonable application if the court identifies the correct governing legal rule based on Supreme Court precedent but unreasonably applies it to the facts of the particular case. *Id.* (citations omitted). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless

4

objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

The clearly established federal law which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). In *Strickland*, the United States Supreme Court articulated a two-part test for evaluating an ineffective assistance of counsel claim. First, a petitioner must demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In evaluating whether counsel performed reasonably, a court "must be highly deferential." *Id*. at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (quotation omitted). Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. See *Strickland*, 466 U.S. at 687. In order to demonstrate prejudice, the petitioner must show that but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty, but would have insisted on proceeding to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In this case, the Delaware state courts correctly identified the two-prong *Strickland* standard applicable to Carter's ineffectiveness claims. Thus the state supreme court's denial of the claims was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406; *Jacobs*, 395 F.3d at 100.

Moreover, the state courts reasonably applied the rule to the specific facts of Carter's case. *See* 28 U.S.C. § 2254(d)(1). In the first instance, Carter asserts his attorney falsely

5

promised him that he would receive no more than a twelve-year prison sentence. D.I. 1 at 5. The state court found, however, that the record did not support Carter's claim that he was promised a twelve-year sentence. *Carter*, 2005 WL 3131583 at *1. Both the transcript of the plea colloquy and the guilty plea form reflected that Carter had not been promised anything about the length of his sentence. *Id.* Moreover, defense counsel, in his affidavit in response to Carter's complaint, specifically denied telling Carter that he would be sentenced to only twelve years. *Id.*; *see State's Motion to Affirm* in *Carter v. State*, Del Supr. No. 163, 2005, at B9-20. Carter has not presented any evidence to rebut the state court's factual determination that defense counsel did not promise Carter a twelve-year sentence. *See* 28 U.S.C. § 2254(e)(1). As a result, the state court's determination that Carter had not demonstrated that his counsel was constitutionally ineffective was not an unreasonable application of the *Strickland/Hill* framework.

Next, Carter complains that his counsel was ineffective when he coerced him to plead guilty by telling Carter that if he did not accept the plea offer, he would be sentenced to over 100 years in prison. D.I. 1 at 6. Because the state court, although presented with the claim, did not address it, this Court can decide the issue on the merits. Because Carter was eligible for habitual offender sentencing,[1] defense counsel's advice regarding Carter's exposure should he be convicted of all the charges in the indictment was correct. *See Carter*, 2005 WL 3131583 at *1 (finding that Carter would have been faced a minimum of 160 years of Level V incarceration had he been sentenced as an habitual offender under § 4214(a)). Because defense counsel was simply explaining the possible consequences of a conviction at trial on all of the charges, his advice to Carter to accept the plea offer was certainly not coercive or unreasonable under

---

[1] *See* DEL. CODE ANN. tit. 11, § 4214.

*Strickland*. *See Brady v. United States*, 397 U.S. 742, 755 (1970) ("a plea of guilty is not invalid merely because entered to avoid the possibility of a [substantially greater] penalty"); *Parrish v. Fulcomer*, 150 F.3d 326, 328 (3d Cir. 1998) (holding counsel not ineffective for having allowed petitioner to waive right to jury trial in exchange for State's agreement not to seek death penalty). Given the lengthy sentence he faced if convicted (and Carter has not alleged that he would have been acquitted at trial), Carter would have been unlikely to choose to go to trial. Thus, Carter failed to establish any prejudice as a result of his attorney's advice to accept a plea agreement rather than face more than a hundred years in prison. *See Hill*, 474 U.S. at 59; *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1998). Having failed to establish either prong of the *Strickland/Hill* test, Carter's claim should be dismissed.

*Claim 2 – due process violation*

In a related claim, Carter contends that the trial court should have informed him what the maximum sentence "would be." (D.I. 1 at 5). This claim was not presented to the state courts and is therefore unexhausted. *See Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). Because Carter would be procedurally barred from raising the claim in a second state postconviction motion,[2] however, exhaustion is excused. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52; *Lawrie*, 9 F. Supp. 2d at 454. Nevertheless, federal habeas review of this claim is barred unless Carter establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.) *cert. denied*, 504 U.S. 944 (1992); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To establish prejudice under the cause

---

[2] *See* DEL. SUPER. CT. CRIM. R. 61(i)(2) (any ground not asserted in a prior postconviction proceeding is thereafter barred unless consideration of the claim is warranted in the interest of justice).

7

and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 493-94 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982).  Carter has not alleged cause for his failure to raise this claim in state court, and the claim can be dismissed on that basis alone.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 501 (D. Del. 2003).

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Carter's plea colloquy (Mar. 10, 2004) and sentencing (April 30, 2004) have been prepared.  In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available.  However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  June 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on June 12, 2006, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Jesse Carter
SBI No. 516667
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us