IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESSE CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-48-SLR |
| | ) | |
| THOMAS L. CARROLL, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Jesse Carter. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

March 26, 2007
Wilmington, Delaware

---

[1]See Fed. R. Civ. P. 25(d)(1). Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

ROBINSON, Chief Judge

## I. INTRODUCTION

Presently before the court is petitioner Jesse Carter's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was arrested in October 2003 and subsequently indicted on four counts of first degree robbery, four weapons offenses, and three counts of wearing a disguise during the commission of a felony. See Carter v. State, 2005 WL 3131583, at *1 (Del. Nov. 22, 2005). Petitioner pled guilty in March 2004 to three counts of first degree robbery and one weapons offense, and the Superior Court sentenced him to an aggregate of twenty-two years incarceration, suspended after twenty-one years for one year of probation. Id. Petitioner did not appeal his conviction or sentence.

In June 2004, petitioner filed a motion for modification of sentence, which the Superior Court denied in July 2004. While his motion for modification was still pending, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). Petitioner's Rule 61 motion asserted three variations of a single claim of ineffective assistance of counsel, namely, that counsel erroneously advised petitioner that he would receive the minimum mandatory sentence of 12 years incarceration at Level V if he pled guilty. (D.I. 13) The Delaware Superior Court denied petitioner's Rule 61 motion in April 2005, and the Delaware Supreme

Court affirmed that judgment. See Carter, 2005 WL 3131583, at *1.

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice

resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

**B. Standard of Review**

If a federal habeas claim is exhausted and not procedurally defaulted, and the

highest state court adjudicated its merits, then a federal court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). A state court adjudicated a claim on the merits for the purposes of 28 U.S.C. § 2254(d) if the state court "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), rev'd on other grounds by Rompilla v. Beard, 545 U.S. 374 (2005).

On federal habeas review, a district court must presume that a state court's implicit and explicit determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). This presumption is only rebutted by clear and convincing evidence to the contrary. Id.; Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

**IV. DISCUSSION**

Petitioner's timely filed application presents the following claims for relief: (1) counsel provided ineffective assistance by "leading" petitioner to believe that he would

receive no more than a 12 year prison sentence if he pled guilty; (2) counsel threatened and forced petitioner to plead guilty by informing petitioner that he would face more than 100 years in prison if he did not plead guilty; and (3) petitioner's due process rights were violated because he was not properly informed about the maximum potential sentence applicable to him. (D.I. 1) In its answer, the State contends that the court should deny all three claims. (D.I. 11)

**A. Claim One: Ineffective Assistance of Counsel**

In his first claim, petitioner contends counsel falsely led him to believe that he would receive the minimum mandatory 12 year sentence if he pled guilty. The Delaware Supreme Court denied this claim on post-conviction appeal as meritless. Therefore, the court must review petitioner's first claim under § 2254(d)(1) to determine if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668 (1984) and its progeny. See Wiggins v. Smith, 539 U.S. 510 (2003). Under the first Strickland prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. Under the second Strickland prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. at 688. In the

context of a guilty plea, a petitioner satisfies Strickland's prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." Strickland, 466 U.S. at 689.

Here, the Delaware Supreme Court correctly identified the Strickland/Hill standard and analyzed the instant ineffective assistance of counsel claim within its framework. Therefore, the Delaware Supreme Court's denial of petitioner's first ineffective assistance of counsel claim was not contrary to clearly established Supreme Court precedent. See Williams, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court must also determine whether the Delaware Supreme Court's analysis of the claim constituted an unreasonable application of the Strickland/Hill standard. The Delaware Supreme Court reviewed the transcript of the plea colloquy and noted that petitioner knowingly and voluntarily stated in open court that nobody promised him anything in exchange for pleading guilty, nor did anyone coerce or force him to plead guilty. The State Supreme Court also noted that, according to the guilty plea form, nobody promised petitioner anything about the length of his sentence in exchange for his guilty plea. Then, after explaining that petitioner failed to provide clear and convincing evidence rebutting the presumption of truth applicable to the statements he made at the plea colloquy, the Delaware Supreme Court denied petitioner's ineffective

assistance of counsel claim as meritless.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977) Here, the transcript of petitioner's plea colloquy contains petitioner's clear and explicit statements that nobody threatened him to plead guilty, and that nobody promised anything in exchange for his guilty plea. Petitioner also stated during his plea colloquy that he had discussed his case with his lawyer and that he was satisfied with his counsel's representation. During the plea colloquy, the judge informed petitioner that he faced a maximum sentence of 80 years under the plea agreement, and the Truth-In-Sentencing Guilty Plea Form signed by petitioner indicates that petitioner understood he faced a maximum penalty of 80 years for the crimes alleged in the plea agreement. Accordingly, the court concludes that petitioner's conclusory and unsupported allegation presented in his habeas application fails to overcome the formidable barrier created by the statements he made during the plea colloquy.

Further, during petitioner's state collateral proceeding, counsel filed a Rule 61 affidavit in the Superior Court asserting that he never promised petitioner that he would receive a 12 year sentence by pleading guilty. Counsel also stated that he explained to petitioner the wide range of possible sentences available under the plea agreement, as well as those available if petitioner proceeded to trial. Viewing counsel's statements in conjunction with petitioner's guilty plea form and the statements petitioner made during his plea colloquy, the court concludes that the Delaware Supreme Court did not unreasonably apply the Strickland/Hill standard in denying the instant ineffective

assistance of counsel claim. Therefore, the court will deny claim one.[2]

**B. Claim Two: Ineffective Assistance of Counsel**

In claim two, petitioner contends that counsel forced him to plead guilty by telling him that he would be sentenced to more than 100 years of incarceration if he proceeded to trial. Although petitioner presented this claim to the Delaware Supreme Court on post-conviction appeal, the Delaware Supreme Court did not address the claim on its merits. Therefore, the court will apply the pre-AEDPA standard and review the claim de novo.[3] See Holloway v. Horn, 355 F.3d 707, 718-19 (3d Cir. 2004).

As determined by the Delaware Supreme Court in petitioner's post-conviction appeal, petitioner would have received a minimum sentence of 160 years at Level V if he was found guilty of all the charges in the indictment and found to be a habitual offender. See Carter, 2005 WL 3131583, at *1. Consequently, counsel did not misadvise petitioner that his sentence could be greater than 100 years if he proceeded to trial. Additionally, counsel's explanation of the possible consequences of a conviction at trial did not constitute coercion rendering petitioner's choice to plead guilty involuntary. See Brady v. United States, 397 U.S. 742, 755 (1970)("a plea of guilty is not invalid merely because entered to avoid the possibility of a [substantially greater]

---

[2]In his Rule 61 motion and again on post-conviction appeal, petitioner asserted a variation of claim one, namely, that counsel also incorrectly calculated the minimum mandatory sentence to be 12 years. However, because petitioner has not even loosely asserted this variation of claim one in his habeas application, the court will not address this issue.

[3]De novo review means that the court "must exercise its independent judgment when deciding both questions of constitutional law and mixed constitutional questions." Williams v. Taylor, 529 U.S. 362, 400 (2000)(Justice O'Connor concurring).

penalty."). As explained by the Supreme Court, ""[t]hat he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Accordingly, the court will deny petitioner's second ineffective assistance of counsel claim as meritless.

**C. Claim Three: Due Process**

In claim three, petitioner contends that his due process rights were violated because he was not properly informed of the maximum potential sentence. It is unclear whether petitioner is referring to the maximum sentence under the plea agreement, or whether petitioner is referring to the maximum sentence he may have received if convicted at trial.

To the extent petitioner is complaining that he was not advised of the maximum potential sentence under the plea agreement, the court will deny the claim as meritless.[4] See § 2254(b)(2). The transcript of petitioner's plea colloquy reveals that the Superior Court judge informed petitioner that the potential maximum sentence was 80 years, as did the Truth-In-Sentencing-Guilty Plea Form signed by petitioner. (D.I.

---

[4]Petitioner never presented this claim to the Delaware Supreme Court and, therefore, the claim is procedurally defaulted for the same reasons set forth in the text of the opinion. Nevertheless, the court will exercise its authority under § 2254(b)(2) and deny the claim as meritless. See Hameen v. Delaware, 212 F.3d 226, 251-52 (3d Cir. 2000)(stating that a federal court may "act consistently with [28 U.S.C. § 2254(b)(2)] when there is a possible procedural default."); see also Bronshtein v. Horn, 404 F.3d 700, 728 (3d Cir. 2005)(rejecting a procedurally defaulted claim as meritless).

13)

To the extent petitioner is arguing that he was not informed of the potential maximum sentence if convicted at trial, the record reveals that petitioner never presented this claim to the Delaware Supreme Court. Petitioner cannot return to state court to assert this claim in a new collateral proceeding. See Del. Super. Ct. Crim. R. 61(i)(2)(any ground not asserted in a prior post-conviction proceeding is thereafter barred unless consideration of the claim is warranted in the interest of justice). Therefore, the claim is procedurally defaulted, and the court cannot review its merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Here, petitioner has not provided any reason for his failure to present claim three to the Delaware Supreme Court in his post-conviction appeal. In the absence of cause, the court does not need to address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine does not excuse petitioner's default because he has not provided new reliable evidence of his actual innocence. Accordingly, the court will dismiss the instant claim as procedurally barred.

**V. CERTIFICATE OF APPEALABILITY**

Finally, the court must decide whether to issue a certificate of appealabilty. See Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v.

McDaniel, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.